UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DAVID R. PAYNE, | ) | |
| | ) | |
| v. | ) | No. 2:14-00073 |
| | ) | Judge Sharp/Brown |
| V.A. HOSPITAL–NASHVILLE, | ) | |
| ET AL., | ) | |

**To:  The Honorable Kevin H. Sharp, Chief United States District Judge**.

### REPORT AND RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained below that: 1) the defendants' motions to dismiss (Docs. 49, 67, 85) be **GRANTED**; 2) the motions to dismiss filed by the Cumberland County Sheriff's Department (CSSD) and Congressman Diane Black[1] (Docs. 49, 85) be **DISMISSED WITH PREJUDICE**; 3) the motion to dismiss filed by the United States (Doc. 67) be dismissed **WITHOUT PREJUDICE**; 4) acceptance and adoption of this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action.

### I.  INTRODUCTION
### and
### BACKGROUND

The plaintiff, proceeding *pro se*, brought this action on August 4, 2014.  (Doc. 1)  The case was filed as a civil rights action arising under 42 U.S.C. § 1983.[2]  Plaintiff named the Veterans Administration (VA) Hospital in Nashville, Congressman Black, and CSSD as defendants.  (Doc. 1, ¶ 3, p. 2)  The United States was substituted as the defendant for the VA Hospital on subsequent motion.  (Docs. 61, 65)

---

[1] Congressman Black uses the "preferred title of 'Congressman' rather than 'Congresswoman.'" (Doc. 85-1, p. 1 n. 1)

[2] The court filed this case as an action brought under § 1983, although there is nothing specific in the complaint that characterizes it as such.  Moreover, nothing in plaintiff's subsequent filings confirmed the court's initial characterization or, on the other hand, sought to clarify the nature of the action as something other than a § 1983 action.

The complaint alleges that plaintiff went to the VA hospital in Nashville on August 1, 2001 for pain management, where he was "prescribed morphine against [his] wishes."[3] (Doc. 1, ¶ 4, p. 2) Plaintiff asserts that he ran out of medications on December 19, 2001 due to "falsified drug testing," and that he was "not detoxed off these drugs as per the law." (Doc. 1, ¶ 4, p. 2)

Plaintiff avers that he contacted Congressman Black's office on January 8, 2013 for assistance in locating unspecified National Guard records. (Doc. 1, ¶ 4, p. 2) Plaintiff claims he had an argument with Mrs. f/n/u Warren on August 12, 2013 because of her "lack of skill," and that he became "very upset" with Mrs. Warren on August 13, 2013 when she allegedly asked why he "would not return to the VA." (Doc. 1, ¶ 4, pp. 2-3 of 4)[4] According to plaintiff, he was "very upset due to . . . four years without medical attention and the death of [a] friend under the same circumstances as [his] own attempted murder." (Doc. 1, ¶ 4, p. 3 of 4)

Plaintiff asserts that his "self-defense statement[5] was taken out of context and turned over to the V.A. Hospital-Nashville Director who sent . . . V.A. security to [plaintiff's] home . . . without warr[a]nt or FBI escort," an action plaintiff characterizes as "clear intimidation." (Doc. 1, ¶ 4, p. 3 of 4) Three Cumberland County deputies "escorted the[] security people" with the stated intent to "keep the peace." (Doc. 1, ¶ 4, p. 3 of 4)

Finally, the complaint alleges that Mrs. Warren told plaintiff on August 27, 2013 that "he would no longer be represented by the congressman's office." (Doc. 1, ¶ 4, p. 3 of 4)

CSSD moved to dismiss on May 8, 2015 (Doc. 49); the United States moved to dismiss on

---

[3] Unnecessary capitalization has been omitted from the statement of claim in the complaint quoted herein.

[4] The page numbers assigned by CMECF are used where the pages in the pleadings are not numbered by a party.

[5] It cannot be determined from the complaint what plaintiff means by "self-defense statement," or to whom he made the statement.

May 28, 2015 (Doc. 67); and Congressman Black moved to dismiss on June 12, 2015 (Doc. 85). Plaintiff did not respond to any of the motions to dismiss, and the time for him to do so has long since passed.[6] This matter is now properly before the court.

### III. ANALYSIS

#### A. Standard of Review

An action brought in federal court may be dismissed for failure to state a claim on which relief may be granted. Rule 12(b)(6), Fed. R. Civ. P. In assessing a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the plaintiff, accept the plaintiff's factual allegations as true, and determine "whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Services, Inc.,* 668 F.3d 393, 403 (6th Cir. 2012)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A motion to dismiss under Rule 12(b)(6) "should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007)(citation omitted)). Review under Rule 12(b)(6) generally is limited to the pleadings. *See Tellabs, Inc. v. Makor Issues & rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *see also Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010).

#### B. CSSD's Motion to Dismiss

The complaint alleges that the director of the VA hospital sent members of the VA security

---

[6] "Failure to file a timely response [to a motion] shall indicate that there is no opposition to the motion." LR7.01(b), Local Rules of Court. The Magistrate Judge advised plaintiff on May 16, 2015 that his failure to respond to CSSD's motion to dismiss (Doc. 49) "may be taken as meaning he has no objection to the motion" (Doc. 52). In the June 20, 2015 scheduling order, the Magistrate Judge gave plaintiff until July 8, 2015 to respond to the United States' motion to dismiss, and 28 days to respond to any motion to dismiss that Congressman Black might file. (Doc. 82, pp. 2, 4) In that same order, the Magistrate Judge instructed the Clerk of Court to send him a copy of the Local Rules of Court. (Doc. 82, p. 4) In short, the Magistrate Judge gave plaintiff ample warning of the potential consequences should he fail to respond to the motions to dismiss.

staff to his home, and that that three Cumberland County deputies "escorted" the VA security personnel, stating that they "wanted to keep the peace." The complaint alleges nothing more against the CSSD deputies. CSSD argues that plaintiff fails to state a claim on which relief may be granted under § 1983.

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; <u>and</u> 2) that the deprivation was caused by a person acting under color of state law. *Wershe v. Combs*, 763 F.3d 500, 504-05 (6th Cir. 2014)(citation omitted). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

CSSD argues first that "[a] county sheriff's department cannot be sued." (Doc. 70, pp. 3-4 of 5) That is correct statement of the law. Sheriffs' offices and police departments are not bodies politic and, as such, they are not persons within the meaning of § 1983. *See Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007). Because CSSD is not a person within the meaning of § 1983, plaintiff cannot satisfy the second part of the two-part test to state a claim under § 1983.

CSSD argues in the alternative that, even if plaintiff intended to sue the County of Cumberland, the result would have been the same. (Doc. 70, p. 4 of 5) CSSD argues that plaintiff failed to allege and show that the County of Cumberland had an unconstitutional policy/custom that resulted in an injury, and that there was a causal link between such policy/custom and any injury he may have suffered. (Doc. 70, p. 4 of 5)

The law is firmly established that a county may not be held liable under § 1983 for an injury inflicted solely by its employees or agents. *See Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 120, 122-24 (1992); *Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 691-95 (1978); *Bennett v. City of Eastpointe*, 410 F.3d 810, 818-19 (6th Cir. 2005). For liability to attach, a governmental policy/custom must exist that results in the violation of one's

constitutional rights, and there must be a causal link between that unconstitutional policy/custom and the injury alleged. *Bennett*, 410 F.3d at 819.

The complaint does not allege and/or show that the County of Cumberland had any policy/custom that violated plaintiff's constitutional rights. Neither does the complaint allege and/or show that plaintiff suffered any injury, actual or otherwise, much less allege and/or show that there was a causal link between the presence of the deputies to "keep the peace" and any hypothetical unconstitutional county policy/custom, the execution of which violated his constitutional rights. In short, the plaintiff fails to state a claim against the County of Cumberland under § 1983.

As explained above, plaintiff has failed to state a claim on which relief may be granted as to either CSSD or the County of Cumberland. Therefore, CSSD's motion to dismiss should be granted, and the complaint against CSSD dismissed with prejudice.

### C. The United States' Motion to Dismiss

The United States has moved to dismiss arguing that, before a tort claim may be brought against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1675(a), the plaintiff must first exhaust the administrative remedies provided by the FTCA.[7] (Doc. 68, p. 2) The United States argues further that plaintiff did not exhaust his administrative remedies as required by the FTCA and, as a consequence of that failure, the complaint is subject to dismissal under "28 U.S.C. § 2775."[8] (Doc. 68, p. 2)

"The doctrine of sovereign immunity shields the United States from lawsuits." *Jackson v.*

---

[7] As noted above at p. 1 n. 2, the court filed this case as a civil rights action under § 1983. To the extent that this complaint alleges civil rights claims against a federal actor, the cause of action would arise under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) rather than § 1983. That said, the United States Supreme Court previously determined that it is "crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Carlson v. Green*, 446 U.S. 14, 20 (1980). Because plaintiff did not object to the characterization of the action in the United States' motion to dismiss as arising under the FTCA, and given the Supreme Court's determination in *Carlson*, it was not improper for the United States to move to dismiss under the FTCA rather than *Bivens*.

[8] Title 28 U.S.C. § 2775" does not appear to be a valid statute.

5

*U.S.*, 751 F.3d 712, 716 (6th Cir. 2014)(citation omitted). "Sovereign Immunity 'extends to agencies of the United States' or 'federal officers acting in their official capacities.'" *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013)(citation omitted).

The United States has waived its sovereign immunity to suits under the FTCA, "but only insofar as the plaintiff has exhausted his administrative remedies." *Blakely v. U.S.*, 276 F.3d 853, 864 (6th Cir. 2002)(citing 28 U.S.C. § 2675(a)). More particularly:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . .

28 U.S.C. § 2675(a).

The United States has provided the declaration of Lee Korzan in support of its motion to dismiss. (Doc. 69) Mr. Korzan is a staff attorney employed at the Office of Regional Counsel in Nashville. (Doc. 69, ¶ 1) Citing 38 C.F.R §§ 14.604 and 14.605, Mr. Korzan attests that any claim arising out of any VA facility in Tennessee, or out of the actions of VA employees in Tennessee, would be processed and investigated by his office. (Doc. 69, ¶ 2) Section 14.604 provides the following:

> Each person who inquires as to the procedure for filing a claim against the United States, predicated on a negligent or wrongful act or omission of an employee of the Department of Veterans Affairs acting within the scope of his or her employment, will be furnished a copy of SF 95, Claim for Damage, Injury, or Death. The claimant will be advised to submit the executed claim directly to the Regional Counsel having jurisdiction of the area wherein the occurrence complained of took place. He or she will also be advised to submit the information prescribed by 28 CFR 14.4 to the extent applicable . . . .
>
> . . .

> A claim shall be deemed to have been presented when the Department of Veterans Affairs receives from a claimant . . . an executed SF 95, or other written notification of an incident, together with a claim for money damages, in a sum certain, for damage to or loss of property or personal injury or death . . . .

38 C.F.R § 14.604(a)-(b). Section 14.605 provides that, "[u]pon receipt of notice that suit has been filed against an employee of the Department of Veterans Affairs . . . the Regional Counsel having jurisdiction . . . will conduct a preliminary investigation . . . ." 38 C.F.R. 14.605(c).

Mr. Korzan attests that the VA Office of Regional Counsel in Nashville "has no record of [plaintiff] filing any administrative claims" (Doc. 69, ¶ 3), the inference being that plaintiff has not complied with the FTCA's exhaustion requirement. Because plaintiff is deemed not to have objected to the United States' motion, including Mr. Korzan's declaration, plaintiff is deemed not to object to the inference that he did not exhaust his administrative remedies. In short, plaintiff's failure to respond to the motion constitutes tacit admission of his failure to do so.

As explained above, plaintiff has failed to exhaust his administrative remedies as required by the FTCA under 28 U.S.C. § 2675(a). Consequently, plaintiff's claims against the Unites States should be dismissed. That said, the United States Supreme Court held recently that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *U.S. v. Kwai Fun Wong*, 135 S.Ct. 1625, 1638 (2015). Accordingly, plaintiff's claims against the United States should be dismissed without prejudice.

### D. Congressman Black's Motion to Dismiss

Congressman Black argues that this case should be dismissed against her for the following reasons: 1) plaintiff lacks Article III standing; 2) she is not liable to suit under the doctrine of sovereign immunity; 3) plaintiff fails to state a claim on which relief may be granted; 4) plaintiff's

7

claim(s) against her is/are frivolous under 28 U.S.C. § 1915(e)(2)(B).[9] (Doc. 85-1) The Magistrate Judge will not address arguments 1), 2) and 4) above because the failure-to-state-a-claim argument is dispositive.

The complaint makes the following mention of Congressman Black in the statement of claim: "On Jan. 8, 2013, I contacted Congressman Diane Black's Office"; "On August 27, 2013, Mrs. Warren stated I would no longer be represented by the Congressman's office." (Doc. 1, ¶ pp. 2-3 of 4) The complaint does not mention Congressman Black further, nor can the complaint be liberally construed to impute any of the alleged events in the complaint to her.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the courts are not willing to "abrogate basic pleading essentials in *pro se* suits," *see Clark v. Johnston*, 413 Fed.Appx. 804, 817 (6th Cir. 2011)(citation omitted). "'More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements.'" *See Grinter v. Knight*, 532 F.3d, 567, 577 (6th Cir. 2008)(citation omitted). A "complaint must 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012)(citation omitted). "'[T]he less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.'" *Grinter*, 532 F.3d at 577 (citation omitted). Conclusory claims are subject to dismissal. *See Ashcroft*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (1995); *Erie County, Ohio v. Morton Salt, Inc.* 702 F.3d 860, 867 (6th Cir. 2012).

As shown above, the complaint is devoid of any factual allegations to support any cognizable

---

[9] Title 28 U.S.C. § 1915(e)(2)(B) pertains to plaintiffs proceeding *in forma pauperis*. Plaintiff paid the filing fee. The statute does not apply to him.

claim against Congressman Black, nor can any factual allegations be liberally construed from the complaint or subsequent filings. Absent any factual allegations, plaintiff's claim(s) against Congressman Black is/are conclusory. Because it is conclusory, the complaint should be dismissed against Congressman Black with prejudice for failure to state a claim on which relief may be granted.

### III. CONCLUSION AND RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained above that: 1) the defendants' motions to dismiss (Docs. 49, 67, 85) be **GRANTED**; 2) the motions to dismiss filed by CSSD and Congressman Diane Black (Docs. 49, 85) be **DISMISSED WITH PREJUDICE**; 3) the motion to dismiss filed by the United States (Doc. 67) be dismissed **WITHOUT PREJUDICE**; 4) acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action.

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 28th day of August, 2015.

/s/Joe B. Brown  
Joe B. Brown  
United States Magistrate Judge