# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID R. PAYNE, | ) |
| Plaintiff, | ) |
| v. | ) 2:14-00073 |
| | ) Judge Sharp |
| V.A. HOSPITAL–NASHVILLE, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Magistrate Judge Brown has entered a Report and Recommendation ("R & R") (Docket No. 96) in which he recommends that the pending Motions to Dismiss in this action be granted, and that a final judgment be entered. More specifically, he recommends that (1) the Motion to Dismiss filed by Defendant Cumberland County Sheriff's Department (Docket No. 49) be granted with prejudice because the Sheriff's Department is not a proper party under 42 U.S.C. § 1983 and, to the extent Plaintiff intended to name the county as a Defendant, there are no allegations in the Complaint about a policy or custom that led to the deprivation of Plaintiff's constitutional right; (2) the Motion to Dismiss filed by Congressman Diane Black (Docket No. 85) also be granted with prejudice for failure to state a claim; and (3) the Motion to Dismiss filed by Defendant United States (Docket No. 67) be granted without prejudice for failure to exhaust administrative remedies as required by the Federal Tort Claims Act ("FTCA").

The Court has conducted a *de novo* review of the record as required by Rule 72(b) of the Federal Rules of Civil Procedure, finds that the recommended dispositions are correct under the law, and will accept the R & R. In doing so, the Court has considered the "Objections" and "Statement"

1

filed in support thereof (Docket Nos. 99 & 100) filed by *pro se* Plaintiff.

In his Objections, Plaintiff first begins by stating that "on August 4, 2014, [he] did pursue as Plaintiff civil actions against the [Defendants]." (Id. at 1). Assuming Plaintiff is not referencing this case which was filed on August 1, 2014, but is claiming that he filed some sort of administrative claim three days later, he has not complied with the administrative exhaustion requirements of the FTCA. The "straightforward statutory command" of the FTCA is that "an 'action shall not be *instituted* . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail[.]'" McNeil v. United States, 508 U.S. 106, 111 (1993) (emphasis added) (quoting 28 U.S.C. § 2675(a)). Plaintiff's assertion that he "did call the U.S. District Attorney and did have third party conversation with the V.A. counsil [sic]" (id. at 3) simply does not meet the exhaustion requirements of the FTCA.

Plaintiff next argues that the "Motion to Substitution as [sic] the United States of America over a citizen of the U.S.A. was and is not acceptable" and "[t]his case c[an] not move forward based on this disagreement, nor be dismissed in such a manner[.]" (Docket No. 100 at 1-2). Actually, this case could not have moved forward with the "V.A. Hospital" as a Defendant because "the VA, as an executive department, is considered a 'federal agency'" and "[f]ederal agencies are not proper parties under the FTCA[.]" Brooks, ex rel. Jesse W. Brooks Estate v. U.S. VA Admin., 2014 WL 8276902, at *1 (M.D. Tenn. Dec. 4, 2014). "Instead, a claim . . . must be brought against the United States." Id.; see also, Himes v. United States, 645 F.3d 771, 776 (6th Cir. 2011) ("The FTCA is the exclusive remedy for suits against the United States or its agencies sounding in tort").

Relatedly, Plaintiff argues that "sovereign immunity does not apply due to lack of capacity

2

under Title 38 'Entitlement to Power[.]'" (Id. at 3). Whatever is meant by the reference to Title 38, the fact remains that "[t]he government has waived its sovereign immunity to suits for tort actions under the FTCA, but only insofar as the plaintiff has exhausted his administrative remedies," Blakely v. United States, 276 F.3d 853, 864 (6th Cir. 2002), which Plaintiff has not done.

As for Cumberland County, Plaintiff asserts that "[t]he Sheriff's Department and the VA Security (Hospital) did encroach on [his] property without warrent [sic], FBI escort, or viable investigation under the Title 38 'Entitlement to Power.'" Even if true, this does not suggest, let alone establish, that sheriff's deputies acted in accordance with the custom or policy of the department. See Powers v. Hamilton Cnty. Pub. Defender Comm'n, 501 F.3d 592, 607 (6th Cir. 2007) (sating that a county "cannot be held liable for the constitutional torts of its employees . . . on a *respondeat superior* theory," but, instead, "liability will attach only where the plaintiff establishes that the [county] engaged in a 'policy or custom' that was the 'moving force' behind the deprivation of the plaintiffs' rights.").

Finally, Plaintiff contends that the "people" sent to the VA hospital "were sent by Congressman Black via Mrs. Bonney Warren," and "Congressman Black is responceable [sic] for the actions of Mrs. Warren." (Id. at 2 & 4). Regardless, Magistrate Judge Brown properly concluded that "the complaint is devoid of any factual elements to support any cognizable claim against Congressman Black, nor can any factual allegations be liberally construed from the complaint or subsequent filings." (Docket No. 96 at 8-9).

Accordingly, the Court rules as follows:

(1) The R & R (Docket No. 96) is hereby ACCEPTED and APPROVED, and Plaintiff's Objections thereto (Docket Nos. 99 & 100) are OVERRULED;

(2) The Motions to Dismiss (Docket Nos. 49, 67 & 85) are hereby GRANTED; and

(3) The Clerk of the Court shall enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of Defendants and against Plaintiff.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE